```
            IN THE UNITED STATES DISTRICT COURT
            FOR THE MIDDLE DISTRICT OF GEORGIA
                     COLUMBUS DIVISION
```

COLONY BANK,                       *

    Plaintiff,                *

vs.                                *        CASE NO. 4:10-CV-131 (CDL)

HANOVER INSURANCE COMPANY,         *

    Defendant.                *

## O R D E R

Presently pending before the Court is Hanover's Motion in Limine regarding the measure of damages (ECF No. 48). Defendant The Hanover Insurance Company ("Hanover") contends that the proper measure of damages is the "actual economic loss to Colony Bank and diminution of the value of its loan that was caused by Hanover." Def.'s Mem. in Supp. of Mot. in Limine re Measure of Damages 1, ECF No. 49. Plaintiff Colony Bank ("Colony") argues that the proper measure of damages is the amount Colony would have received after the fire loss had it force-placed coverage with another insurance company upon learning of the nonrenewal of the Hanover policy. In its motion in limine, Hanover seeks to exclude any evidence or argument that ties Colony's damages to the limits of the insurance policy Hanover issued to cover the insured property.

A brief description of the nature of the claim to be tried is helpful to understanding the proper measure of damages in this action and to resolving the pending motion in limine. Colony holds the mortgage on property known as River Mill, a rental and special event facility. Hanover insured the River Mill property and listed Colony as a loss payee in its insurance policy. Hanover declined to renew the policy and, according to Colony, failed to notify Colony of the nonrenewal, which Colony contends it was required to do under the terms of the policy. After the nonrenewal and before Colony allegedly learned of the nonrenewal, a fire caused substantial damage to River Mill. Colony asserts a claim against Hanover for breach of contract, contending that Hanover breached its duty to notify Colony of the nonrenewal of the policy and that this breach caused the property to be uninsured, which has resulted in a loss to Colony. The nature of this alleged loss is the subject of the motion in limine.

Under basic contract law damages principles, it appears clear that the proper measure of damages in this action is the amount of damages that reasonably flowed from Hanover's alleged failure to notify Colony of the nonrenewal. If the jury finds that Hanover's failure to notify Colony caused an absence of coverage that would have otherwise been in place, then Colony is entitled to recover any losses proximately caused by the absence

2

of insurance coverage. Any award of damages should place Colony in the same position it would have been in had it been notified of the lapse in coverage—no better and no worse. Of course, Colony must present evidence that convinces the jury that had it known of the lapse in coverage, it would have obtained force-placed coverage before the fire. Moreover, it must demonstrate, without inviting the jury to engage in speculation, the nature of that coverage and what it would have recovered under it. Hanover of course may explore whether the existence of other insurance covering the River Mill property would have affected the amount of any recovery by Colony under the force-placed coverage. Relevant evidence on this issue would include the likely terms of any force-placed coverage and whether any payments made to the owner of River Mill under its own replacement policy would be required to be offset against any recovery under a force-placed policy.

Consistent with the foregoing, Hanover's motion in limine regarding "certain measure of damages" (ECF No. 48) is granted in part and denied in part to the extent set forth in this Order. While Colony's damages are not limited to the diminution of the value of its loan caused by Hanover's failure to notify it of the lapse in coverage, Colony also is not automatically entitled to recover the amount that may be paid under a force-placed insurance policy. Colony must convince the jury that

such specific coverage would have been obtained, and what amounts it would have likely ultimately received, taking into consideration other relevant circumstances including replacement insurance obtained by the owner of the property. The guiding damages principle will be: under all of the circumstances and without engaging in speculation, what would Colony have likely recovered had it replaced the Hanover coverage upon learning of the nonrenewal of the Hanover policy.

IT IS SO ORDERED, this 23rd day of August, 2012.

                                      S/Clay D. Land
                                            CLAY D. LAND
                                UNITED STATES DISTRICT JUDGE